**United States District Court**
**Southern District of Ohio**
**Western Division**

| | |
|---|---|
| DIANE BENAUGH, | Case No. 1:04-cv-306 |
| Plaintiff, | Magistrate Judge Timothy S. Black |
| vs. | |
| OHIO CIVIL RIGHTS COMMISSION, | |
| Defendant. | |

**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT**
**AS A MATTER OF LAW, REMITTER, OR FOR NEW TRIAL (Doc. 99)**

This civil action is before the Court on defendant OCRC's motion for judgment as a matter of law, remitter, or in the alternative, motion for a new trial pursuant to Federal Rules of Civil Procedure 50 and 59 (doc. 99), and the parties' responsive memoranda (docs. 102, 104).

**I.**

The parties tried this case to a jury from October 16, 2006 through October 23, 2006. Thereafter, the jury rendered a verdict in favor of the Plaintiff, awarding her $58,309.00 in lost wages and benefits, and $10,000.00 in compensatory damages. Defendant, however, now moves for judgment as a matter law, or alternatively, for an order remitting the award to conform to the evidence or the granting of a new trial.

Defendant OCRC asserts that (1) plaintiff failed to establish the fourth element of her claim of discrimination  --  that the accommodation was needed, *i.e.*, that a casual relationship existed between the disability and the request for accommodation; (2) plaintiff failed to provide sufficient evidence that she was constructively discharged; (3) plaintiff's backpay claim was improper; (4) the Court erred by not giving some of OCRC's proposed jury instructions; (5) the jury's back pay award does not conform to the evidence of record and should be reduced; and (6) plaintiff's introduction of the EEOC's determination and the DOJ's letter was improper and warrants a new trial.

## II.

### A.

Rule 50 of the Federal Rules of Civil Procedure requires a court to render judgment as a matter of law when a party has been fully heard on an issue, and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue. *Reeves v. Sanderson Plumbing Products, Inc.* 530 U.S. 133, 135 (2000).  The standard for judgment as a matter of law under Rule 50 mirrors the standard for summary judgment under Rule 56.  *Id.*

Thus, a motion for judgment as a matter of law should not be granted unless there is a "complete absence of pleading or proof on an issue material to the cause of action or when no disputed issues of fact exist such that reasonable minds would not differ." *Tarrant Service Agency v. American Standard*, 12 F.3d 609, 613 (6th Cir.1993), *cert. denied*, 114 S.Ct. 2709 (1994).

In considering a motion for judgment as a matter of law, the court should review all of the evidence in the record, but, in doing so, must draw all reasonable inferences in favor of the nonmoving party, and the court may not make credibility determinations or weigh the evidence. *Reeves v. Sanderson Plumbing Products,* 530 U.S. 133, 150 (2000); *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 583 (6th Cir. 1994).  Thus, the jury verdict must be affirmed "unless this Court is left with the definite and firm conviction that a mistake resulting in plain injustice has been committed, or ... the verdict is contrary to all reason." *Patton v. Sears, Roebuck & Co.,* 234 F.3d 1269, 2000 WL 1681017, **4 (6th Cir. 2000) (citing *Schoonover v. Consolidated Freightways Corp*., 147 F.3d 492, 494 (6th Cir.1998)).

*B.*

Rule 59(a) of the Federal Rules of Civil Procedure provides, *inter alia*, that a new trial may be granted to all or any of the parties and on all or any part of the issues in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the course of the United States. Fed.R.Civ.P. 59(a)(1).  Thus, a new trial is warranted under Fed.R.Civ.P. 59(a) when a jury has reached a seriously erroneous result as evidenced by: (1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party, *i.e*., the proceedings being influenced by prejudice or bias. *Williams v. Paint Valley Local School Dist.*, 2003 WL 21799947, *2 (S.D. Ohio 2003) (citing *Holmes v. City of Massillon*, 78 F.3d 1041, 1045-46 (6th Cir.1996)).

Additionally, a motion seeking remitter of the jury's verdict should only be granted where the award clearly exceeds the maximum amount which a jury could reasonably find to be compensatory for the plaintiff's loss. *Roush v. KFC Nat'l Managment Co.*, 10 F.3d 392 (6th Cir. 1993). Factors to be considered in addressing remitter are whether the award is: (1) beyond the range supportable by proof, or (2) so excessive as to shock the conscience, or (3) the result of mistake. *Leila Hosp. And Health Ctr. v. Xonics Medical Sys. Inc.*, 278 (6th Cir. 1991). Furthermore, where defects in the award are readily identified and measured, remitter is more appropriate then a new trial." *Strickland v. Owns Corning*, 142 F.3d 353, 359 (6th Cir. 1998).

### III.

#### A.

At the outset, plaintiff asserts that defendant's Rule 50(b) motion should be denied because OCRC waived its right to make a post-verdict Rule 50(b) motion because it did not made a Rule 50(a) motion at the close of all evidence. Fed.R.Civ. P. 50(b). The record does reveal that a Rule 50(a) motion was made only at the close of plaintiff's case. (Doc. 85). The Rule 50(a) motion was denied, and OCRC then presented its defense. OCRC rested, plaintiff called no rebuttal witnesses, and the evidence closed on October 19, 2006. However, after the close of the evidence, defendant did not make a Rule 50(a) argument. Thus, plaintiff asserts that defendant's Rule 50(b) motion should be denied because defendant waived its right to make a Rule 50(b) motion.

The Sixth Circuit has ruled, however, "that technical deviation from Rule 50(b) command is not fatal." *Riverview Invs., Inc. v. Ottawa Cmty. Improvement Corp.*, 899

F.2d 474, 477 (6th Cir.), *cert. denied*, 498 U.S. 855, (1990). Instead, "the application of Rule 50(b) in any case should be examined in the light of the accomplishment of [its] particular purpose as well as in the general context of securing a fair trial for all concerned in the quest for the truth." *Boynton v. TRW, Inc*., 858 F.2d 1178, 1185 (6th Cir. 1988).

Accordingly, in the interests of justice, defendant's motion shall be resolved on the merits. However, for the reasons that follow, the Court finds that defendant's motion is not well-taken.

Viewing the evidence in the light most favorable to plaintiff, defendant must show that the evidence against plaintiff is so overwhelming that no one could reasonably find in plaintiff's favor. *Patton,* 234 F.3d 1269, 2000 WL 1681017 at 4 (citing *Schoonover*, 147 F.3d at 494).

Here, however, defendant OCRC has failed to show that the evidence against plaintiff with respect to her claims of discrimination, constructive discharge, and backpay was so overwhelming that no one could reasonably find in plaintiff's favor. To the contrary, plaintiff presented substantial evidence and testimony at trial that an accommodation was needed and that reasonable person would have felt compelled to resign due to the work environment at OCRC. Furthermore, plaintiff presented substantial evidence and testimony at trial to support her claim for back pay.

Moreover, the weighing of evidence and the assessment of credibility is solely within the province of the jury, and the Court is prohibited from weighing the evidence or substituting its own judgment when considering a Rule 50(b) motion.

-5-

Defendant has not provided any evidence or argument upon which a Rule 50(b) motion could be granted – *i.e.,* that the verdict is contrary to all reason; that mistake(s) resulted in plain injustice; and/or that there was a complete absence of pleading or proof on an issue material to the cause of action.

Accordingly, the Court finds that defendant's motion for judgment as matter of law is not well-taken.

*B.*

Similarly, with respect to defendant's alternative Rule 59 motion for a new trial, and/or remitter, the assertions raised in defendant's motion lack merit.

As noted above, defendant argues that the jury instructions were improper warranting a new trial; that the jury's back pay award does not conform to the evidence of record and should be reduced; and that plaintiff's introduction of the EEOC's determination and the DOJ's letter was improper and warrants a new trial. Each assertion will be addressed in turn.

*i.*

Defendant argues that the Court's instructions on constructive discharge and the interactive process were improper. Defendant further asserts that the Court's failure to give defendant's proposed instruction on the objective reasonableness of plaintiff's requested accommodation was error.

As noted by the Sixth Circuit, claims of error in jury instructions require the instructions to be reviewed as a whole in order to determine whether they adequately

-6-

informed the jury of the relevant considerations and provided a basis in law for aiding the jury in reaching its decision. *Beck v. Haik*, 377 F.3d 624, 636 (6th Cir. 2004)(citing *O-So Detroit, Inc. v. Home Ins. Co.*, 973 F.2d 498, 502 (6th Cir. 1992)). "This court may reverse a judgment on the basis of improper jury instructions only if the instructions, when viewed as a whole, were confusing, misleading and prejudicial." *United States v. Wells*, 211 F.3d 988, 1002 (6th Cir. 2000)*; see also Bongartz v. State Farm Fire and Cas. Co.*, 1994 WL 315240 (6th Cir. 1994). A court's disregard of a party's proposed jury instruction does not amount to prejudicial error unless the party can prove that the instructions that were given were misleading or gave an inadequate understanding of the law. *Tuttle v. Franklin County*, 1997 WL 375327, *4 (6th Cir. 1997).

Here, the Court's instructions, when viewed as a whole, were not confusing, misleading or prejudicial. The constructive discharge instruction and the interactive process instruction comport with the law of the Sixth Circuit. *See Hammon v. DHL Airways, Inc*. 165 F. 3d 441 (6th Cir. 1999). Furthermore, the Court did not err in failing to give defendant's proposed instruction on objective reasonableness because the relevant legal concept was incorporated into Instruction Nos. 12 and 15.

*ii.*

Defendant next contends that plaintiff's back pay ward should be reduced because it is not based on the record and applicable law. However, defendant has failed to show that the award clearly exceeds the maximum amount which a jury could reasonably find

to be compensatory for the plaintiff's loss. *See Roush*, 10 F.3d 392. Moreover, defendant's assertions were presented to the jury at trial, and the Court will not undermine the jury's fact-finding role.

*iii.*

Lastly, defendant asserts that plaintiff's introduction of the EEOC's determination and the DOJ's letter was improper and warrants a new trial. Again, defendant's assertion is unavailing.

Defendant raises the same arguments it made in its motions *in limine,* now arguing that the admission of the EEOC determination (P-20) and the DOJ letter (P-22) was error requiring a new trial. (Doc. 99 p. 23-33). Prior to trial, after full briefing and several oral arguments, based on applicable law, the Court ruled that the exhibits were admissible, stating that they were "probative of the existence of an illegal motive in the challenged employment decision, and that the value of this evidence is not substantially outweighed

by any of the concerns listed in Rule 403." (Doc.76 p. 2).[1]

Moreover, the Court provided the jury with limiting instructions with respect to these documents. Accordingly, the EEOC's determination and the DOJ's letter were properly admitted at trial.

The jury was presented with extensive testimony concerning all of the factual disputes in this case and was properly instructed on the applicable law. No manifest injustice occurred.

Accordingly, it is hereby **ORDERED** that defendant's motion for judgment as a matter of law, or in the alternative, remitter and motion for a new trial (doc. 99) is **DENIED**.

Date: June 19, 2007                    s/Timothy S. Black
                                       Timothy S. Black
                                       United States Magistrate Judge

---

[1] *See also Weems v. Ball Metal and Chem. Div.*, 753 F.2d 527, 528 n.1 (6th Cir. 1985) (an EEOC cause determination "in the sound discretion of the trial court, may be admitted into evidence"); *McClure v. Mexia Independent School Dist.*, 750 F.2d 396, 400 (5th Cir. 1985) (EEOC determinations and findings of fact, although not binding on the trier of fact, are admissible as evidence in civil proceedings as probative of a claim of employment discrimination at issue); *Plummer v. Western Intern. Hotels Co., Inc.*, 656 F.2d 502, 505 (9th Cir. 1981) (plaintiff has a right to introduce an EEOC probable cause determination in a Title VII lawsuit, regardless of what other claims are asserted, or whether the case is tried before a judge or jury); *Bryant v. Martinez*, 46 Fed. Appx. 293 (6th Cir.2000) (decisions of administrative agencies relevant to the merits of a claim are admissible despite the possibility of some prejudicial effect.).